THOMAS H. CHANDLER'S ADMR. & HEIRS *v.* PHILLIPS AND SCULLY.

[Abstract Kentucky Law Reporter, Vol. 7—374.]

**Effect of Conditional Mortgage.**

> The real estate of H was mortgaged to secure his debt to P, and after its foreclosure C agreed to mortgage his land to P as security for any excess of indebtedness over what H's land would bring at the sale, on condition that P would not have any decree issued on his judgment against H until January 1, 1875. When that time came P did nothing looking to the sale of H's land, but allowed his judgment of foreclosure to stand without any sale; and in January, 1883, the wife of H paid on her husband's debt to P the sum of $2,000, and in consideration of such payment P released to her his entire interest in the land decreed to be sold, and thereafter proceeded to foreclose the mortgage he had taken on C's land. It was held that C's land was only mortgaged to pay the balance of the debt remaining after the sale of H's land, and that P could not enforce his mortgage against C until after he had forced H's land to be sold under his decree.

APPEAL FROM MARION CIRCUIT COURT.

November 14, 1885.

OPINION BY JUDGE PRYOR:

Hood was indebted to Phillips and Scully in the sum of $8,818 with interest from March 1, 1867, and to secure the same a mortgage was executed on the residence of Hood near the town of Lebanon. The mortgage was foreclosed in equity and the commissioner directed to sell the land to pay the debt. Thomas H. Chandler, a brother-in-law of the debtor, in order to prevent the sale and prolong the time of payment, agreed with Phillips and Scully that if they would not enforce the decree until the first of January, 1875, he would mortgage his land as a further security to pay any balance that might be found due in the event the family residence had to be sold and failed to pay the debt whatever the property directed to be sold lacked in paying the debt, that Chandler's land was bound for.

In January, 1883, Julianne Hood, the wife of the debtor, paid on the debt the sum of $2,000, and in consideration of this payment the appellees, Phillips and Scully, released to her their en-

tire interest in the land decreed to be sold, reserving to themselves the right to proceed on the mortgage given by Chandler on his farm to pay the residue of their debt. This release is in writing and signed by Phillips and Scully and no one else, and must be regarded as binding on them, as they received the $2,000 and made their release upon that consideration.

Chandler in the meantime had died childless, leaving Mrs. Hood and the other appellant his heirs at law. The heirs of Chandler were not parties to the agreement between Mrs. Hood and Phillips and Scully (except Mrs. Hood, she being an heir), and seemed to have had nothing to do with the transaction in any way. This action in equity was instituted against the administrators and heirs of Chandler by Phillips and Scully to enforce the mortgage given by Chandler to secure the debt due them by Hood, alleging that nothing had been paid but the $2,000 by Mrs. Hood.

The defense was that this mortgage was executed by ·Chandler in consideration that the decree of foreclosure· on the Hood place could not be enforced until the 1st of January, 1875, and that when enforced at that day, or within a reasonable time thereafter, if the land failed to satisfy the debt the land of Chandler should stand good for the residue; that the appellees, Phillips and Scully, failed to sell the land in 1875, and have as yet made no sale of it, but have released all their interest in the mortgage, as far as it affects the original land mortgaged to Mrs. Hood; that the principal and interest of the mortgage debt now amounts to a large sum of money, and that the delay in selling the Hood land was not caused by the act of Chandler or his heirs. The land of Chandler stood by reason of his mortgage as a mere security for the debt conditioned that the same would be sold in January, 1875, or in a reasonable time thereafter. The debtor had until the 1st of January, 1875, in which to pay this debt, and failing to pay it on or before that day, a reasonable time must necessarily have been allowed the appellees in which to make the sale.

But they failed to make any sale, but permitted the debtor to retain the possession of the property from the year 1875 until the year 1883, and have not as yet made a sale of the land under the former judgment. They seemed to have regarded the agreement of Chandler as an independent contract by which his land became bound for the debt, whether they enforced the original decree or

not. That it was an independent contract is evident, but coupled with it at the same time are stipulations on the part of Phillips and Scully which by the very substance and meaning of its terms they were required to perform. Chandler was not personally bound for the debt in any way, and the only consideration for his mortgage was that his brother-in-law might remain on the land and the enforcement of the decree of sale be withheld until the first of January, 1875. It was incumbent on the appellees to sell this land under the decree so that a liability, or rather the extent of liability, of Chandler's land could be ascertained.

It was only bound for so much of the debt as might remain due after the sale. What that land would have brought does not appear, nor can proof of the value be heard, because the mode of determining was by a sale under the judgment. It might have been of greatly more value to one man than to another, or Chandler, in order to indemnify himself, probably would have ·paid in excess of the $2,000 paid by Mrs. Hood. Instead of selling the land under the decree the appellees have placed it beyond their power to have a sale, and indulged the debtor for eight or nine years after the sale should have been made.

The land of Chandler having been pledged for the debt, if there were· no conditions annexed the statute of limitations could not affect the right of recovery, as fifteen years had not elapsed from the breach. What effect the release of the claim of Phillips and Scully had upon the interest of Mrs. Hood, who was one of the heirs at law of Chandler, is not a question here. The whole tract of land mortgaged by Chandler has been directed to be sold, when we think it is evident that it ·was not to be sold unless when the sale was made under the decree against Hood his land failed to pay the debt. No sale having been made and no balance ascertained to be due, the petition should have been dismissed. If the mortgage by Chandler was an independent obligation for the debt without reference to the original mortgage the judgment would have been proper, but we think it was to secure what might be due after the sale of Hood's land. The judgment is therefore reversed with· directions to dismiss the petition. The appellees may amend as to Mrs. Hood, if in the opinion of the court below the amendment when offered presents a right of recovery.

Judgment *reversed*.

*Harrison & Belden, for appellants.*
*Rountree & Lisle, for appellees.*